# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JOSEPH R. WIGGINS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lake County**
**No. 09-CR-9395      R. Lee Moore, Jr., Judge**

---

**No. W2010-00091-CCA-R3-HC  -  Filed August 6, 2010**

---

The petitioner, Joseph R. Wiggins, appeals the Lake County Circuit Court's summary dismissal of his petition for habeas corpus relief. In his petition, he contends that the five-year sentence he received for a simple rape conviction in 1983, is illegal because of a defective indictment. The State has filed a motion requesting that this court affirm the habeas corpus court's dismissal pursuant to Rule 20, Rules of the Court of Criminal Appeals. After review, we conclude that the State's motion is meritorious because the petitioner's challenged sentence has long expired and he is no longer "restrained of his liberty" pursuant to that conviction. Accordingly, we grant the State's motion and affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Joseph R. Wiggins, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

While in jail awaiting trial on charges of two counts of armed robbery and two counts of kidnapping, the petitioner was charged with the aggravated rape of a fellow inmate. Following a trial in 1982, the petitioner was found guilty of the robbery and kidnapping offenses and sentenced to a term of sixty years. Subsequently, in 1983, the petitioner, pursuant to an agreement, pled guilty to simple rape and was sentenced to a five-year term,

which was to be served concurrently. He was granted parole in 2002, but it was subsequently revoked when the petitioner failed to comply with mandatory registry of sex offenders. He is presently serving the balance of his sixty-year sentence at the Northwest Correctional State Prison.

The petitioner has now filed a petition for writ of habeas corpus, asserting that his 1983 rape conviction is void and that the sentence is illegal because the "petitioner was indicted under one [Tennessee Code Annotated] statute and sentenced under another . . . [and because] his sentence should have been imposed by a jury and not by a judge as required by law." However, he acknowledges in both his petition and his appellate brief that his rape sentence "expired on May 26, 1986." The trial court summarily denied the petition, finding that the "sentence for simple rape expired in the 1980's and is no longer the subject for habeas corpus relief." The court further noted that the petitioner was incarcerated on the armed robbery and kidnapping convictions and that the petitioner failed to establish that those sentences were expired or void.

The determination of whether to grant habeas corpus relief is a question of law. *Summers v. State,* 212 S.W.3d 251, 262 (Tenn. 2007). The Tennessee Constitution guarantees "[a]ny person imprisoned or restrained of his liberty" the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be "imprisoned or restrained of liberty" by the challenged conviction. T.C.A. § 29-21-106(a). The phrase "restrained of liberty" has generally been interpreted to include any limitation placed upon a person's freedom of action, including such restraints as conditions of parole or probation, or an order requiring a person to remain in one city. *See Hickman v. State*, 153 S.W.3d 16 (Tenn. 2004). However, in *Hickman*, the court further analyzed the scope of this phrase, holding that "a person is not 'restrained of liberty' for purposes of the habeas corpus statute unless the challenged judgment imposes a restraint upon the petitioner's freedom of action or movement." *Id.* at 23. Our supreme court has not extended the term "restraint of liberty" to a collateral consequence of a judgment, such as the

enhancement of a subsequent sentence.

Though not entirely clear, we glean that the petitioner, while acknowledging that the simple rape sentence has long expired, is arguing that he is still "restrained of liberty" because it was a violation of the requirements of the sexual offender registry, which were imposed on him because of the rape conviction, which led to his subsequent parole violation. However, we must reject the argument as our supreme court has recently addressed the registration requirements and held that those requirements are "nonpunitive and . . . a collateral consequence of a guilty plea." *Marcus Ward v. State*, No. W2007-01632-SC-R11-PC (Tenn., July 7, 2010). Thus, as in the case of subsequent enhancement of a later sentence, we cannot extend the term "restraint of liberty" to these circumstances.

Thus, turning to the petitioner's case, we must conclude that the petitioner is not currently imprisoned or restrained of liberty by the challenged simple rape conviction. His sentence in that case expired in the 1980's, long before the filing of the instant habeas corpus petition. Accordingly, he is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE